JASON E. MURTAGH (SBN 294830)
jason.murtagh@bipc.com
NATALIE PELED (SBN 325166)
natalie.peled@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Tel.:  (619) 239 8700
Fax:   (619) 702 3898

Benjamin E. Leace (pro hac vice forthcoming)
BUCHANAN INGERSOLL & ROONEY PC
2200 Renaissance Blvd., Suite 350
King of Prussia, PA 19406
Tel.:  (610) 993-4208
Fax:   (610) 407-0701
Ben.leace@bipc.com

Attorneys for Plaintiff
ORIGINAL WATERMEN, INC.

*[Additional counsel listed in signature block]*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORIGINAL WATERMEN, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>vs.<br><br>MAUI RIPPER, INC.,<br><br>Defendant. | Case No.: **'24CV1111 JES MMP**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>1. FEDERAL TRADEMARK INFRINGEMENT<br>2. FALSE DESIGNATION OF ORIGIN<br>3. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br>4. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ*.<br><br>JURY TRIAL DEMANDED |

Plaintiff Original Watermen, Inc. ("Plaintiff" or "Watermen"), by and through its undersigned counsel, for its Complaint against Maui Ripper, Inc. ("Defendant" or "Ripper"), hereby alleges and states the following:

## NATURE AND BASIS OF ACTION

1. This is an action for injunctive relief and damages based on the Defendant's infringement of Plaintiff's STAY SALTY® trademark and Defendant's unfair competition practices throughout the United States and in California. Defendant's violations are likely to cause confusion, mistake, and/or deception to the public and constitute willful and deliberate trademark infringement and unfair competition.

2. As set forth herein, Defendant's infringement and related wrongful acts have and are continuing to damage Plaintiff's business, which Plaintiff has built over many decades. Plaintiff brings this lawsuit to remedy the substantial and irreparable harm caused by Defendant's infringing activity and unfair competition. Accordingly, Plaintiff seeks injunctive relief, damages, enhanced damages, attorneys' fees, and costs on account of Defendant's misconduct.

## THE PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1198 Joshua Way, Vista, California 92081.

4. Upon information and belief, Defendant is a corporation organized and existing under the laws of Hawaii, having its principal office at 2380 Camino Vida Roble Ste N, Carlsbad, California 92011.

## JURISDICTION

5. Jurisdiction in this Court is founded upon 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. §§ 1121, 1125 because the civil action hereinafter alleged arises under the trademark laws of the United States. The Court also has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. Upon information and belief, Defendant is located within and does business in this District and by its acts has caused and continues to cause Plaintiff injury

in this forum, including by having committed and continuing to commit acts of trademark infringement and unfair competition as alleged in this Complaint.

## BACKGROUND FACTS

8. Plaintiff is a successful and respected business operating since 1986 (through its predecessor), which is engaged in online and brick-and-mortar retail for high quality and desirable clothing and goods associated with water, beach, and athletic activities. Plaintiff's goods are offered to the public by many and various means throughout the United States and in California including at Plaintiff's physical location, through its website https://www.originalwatermen.com, and distributors, including through Amazon.com.

9. Plaintiff additionally serves more than 2,000 lifeguard agencies around the United States and has come to be recognized as a provider of lifeguard gear as well as for clothing used for many water-related sports and casual wear.

10. Plaintiff owns numerous trademarks registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"), most of which have been in long use and are incontestable pursuant to 15 U.S.C. § 1065.

### Plaintiff's Trademark Rights in STAY SALTY®

11. One of Plaintiff's trademarks is incontestable U.S. Reg. No. 4572146 for STAY SALTY® for numerous clothing items and goods including bathing suits, beachwear, beanies, board shorts, bottoms, caps, hats, headwear, hooded sweatshirts, jackets, pants, rash guards, shirts, shorts, sweatshirts, swimwear, T-shirts, tank-tops, tops, decals and stickers. A true and correct copy of Plaintiff's STAY SALTY® Registration and Notice of Acceptance Acknowledgment (under §§ 8 and 15) are attached as **Exhibit 1**. Non-limiting examples of Plaintiff's STAY SALTY® branding on clothing items are shown below:

/ /

/ /

/ /





12. Plaintiff's Federal Registration is a matter of public record and serves as constructive notice to the public of Plaintiff and its trademark rights.

13. Plaintiff uses and has used the STAY SALTY® mark in connection with its sales of clothing and goods since 2013. Plaintiff uses the STAY SALTY® mark to let customers and the public know the marked products have been manufactured to the highest-quality standards.

14. Plaintiff's hard work, efforts, and accomplishments have contributed to its excellent reputation and goodwill, making Plaintiff a well-known and recognized name in its field.

15. Plaintiff's STAY SALTY® mark has been accepted and recognized by the purchasing public through widespread and favorable use over many years.  As such, it

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

has become an asset of substantial value as a symbol of Plaintiff, its high-quality and desirable goods, and its goodwill. Plaintiff's brand identity, creativity, and promotion of its goods and the goodwill associated with its business have, in large part, contributed to Plaintiff's success.

16. Since its inception in 1986, Plaintiff has worked hard to separate itself from the competition. The commercial identity and resultant valuable goodwill associated with Plaintiff's business has resulted in a significant number of customers and resulting acclaim due in part to its use of, and rights in, the STAY SALTY® mark.

17. Plaintiff's STAY SALTY® mark has been continuously advertised and promoted to the public through various means and modes. By reason of such advertising and promotion, Plaintiff is well known to the relevant consuming public as well as to its business competitors, including Defendant, who have come to recognize Plaintiff's goods under Plaintiff's STAY SALTY® mark as emanating from Plaintiff.

18. Plaintiff enforces its rights herein under Plaintiff's STAY SALTY® mark in order to protect the very valuable rights and excellent reputation Plaintiff has worked hard to achieve and to prevent public confusion as to Plaintiff versus its competitors.

## Defendant's Illegal Acts

19. Upon information and belief, Defendant Maui Rippers was founded in or about 2003 and incorporated in Hawaii in 2004. A true and correct copy of Defendant's Certificate of Incorporation (Hawaii) is attached as **Exhibit 2**. Defendant is a direct competitor of Plaintiff and also sells a variety of clothing and goods associated with water, beach, and athletic activities to consumers through its brick-and-mortar locations, its website, https://mauirippers.com/, and distributors, including through Amazon.com.

20. In blatant disregard of Plaintiff's rights, Defendant is manufacturing, producing, marketing, distributing, offering for sale, and selling in interstate commerce clothing and goods bearing the STAY SALTY® mark (the "Infringing Mark" appearing on the "Infringing Products").

1   21.   The Infringing Mark and Infringing Products, examples from Defendant's website[1] are depicted below, copy Plaintiff's STAY SALTY® mark on Defendant's products.  True and correct copies of pages from Defendant's website showing the Infringing Products are attached as **Exhibit 3.**



22.   Upon information and belief, given Defendant's 2003 founding date, its sale of directly competing Infringing Products on the "new-arrivals" webpage (Exhibit 3) of its website to those of Plaintiff, and Defendant's physical Carlsbad California location being located very close to Plaintiff's home office, Defendant's had actual knowledge of Plaintiff's STAY SALTY® mark and have been willfully infringing that mark.

23.   Upon information and belief, Defendant had this knowledge of and was familiar with Plaintiff's STAY SALTY® mark prior to when it began designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the Infringing Products.

24.   Upon information and belief, Defendant intentionally adopted and used Defendant's STAY SALTY® mark knowing that the Infringing Mark would mislead and deceive consumers into believing that Defendant's Infringing Products were produced, authorized, or licensed by Plaintiff, or that the Infringing Products originated

---

[1] Available at https://mauirippers.com/collections/new-arrivals/products/stay-salty-garment-dyed-t-shirt (last accessed June 26, 2024).

from Plaintiff.

25. The Infringing Products designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Defendants are not manufactured by Plaintiff. Nor is Defendant associated, affiliated, or connected with Plaintiff, or licensed, authorized, sponsored, endorsed, or approved by Plaintiff in any way.

26. As a direct competitor of Plaintiff, Defendant is offering the Infringing Products to the same consumers as Plaintiff, and Defendant's Infringing Products are sold online and in overlapping channels of trade.

27. Further, given the similarities of products and trade channels, it is evident that Defendant's Infringing Products undoubtedly give rise to the mistaken belief by consumers and the public that such products emanate from Plaintiff.

28. The likelihood of confusion, mistake, and deception engendered by Defendant's infringement of Plaintiff's STAY SALTY® mark is causing irreparable harm to the goodwill symbolized by the mark and the reputation for quality and durability that the mark embodies.

29. On information and belief, Defendant continues to use the Infringing Mark in connection with the sale of clothing and goods that directly compete with the clothing and goods offered by Plaintiff.

30. On further information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used Plaintiff's STAY SALTY® mark.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 above and incorporates them herein by reference.

32. Defendant's unpermitted and unauthorized use in interstate commerce of Plaintiff's STAY SALTY® mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff,

or have the sponsorship, endorsement, or approval of Plaintiff.

33. Defendant's Infringing Mark is confusingly similar to Plaintiff's federally registered STAY SALTY® mark in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation symbolized by Plaintiff's STAY SALTY® mark, for which Plaintiff has no adequate remedy at law.

34. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's STAY SALTY® mark to Plaintiff's great and irreparable harm.

35. Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonably attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

## FALSE DESIGNATION OF ORIGIN

36. Plaintiff repeats and re-alleges paragraphs 1 through 35 above and incorporates them herein by reference.

37. Defendant's use of Plaintiff's STAY SALTY® mark in interstate commerce has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

38. Defendant made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's

1 STAY SALTY® mark, for which Plaintiff has no adequate remedy at law.

2     39.    Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

    40.    Plaintiff repeats and re-alleges paragraphs 1 through 39 above and incorporates them herein by reference.

    41.    This claim arises under the common law, including California law, relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

    42.    Plaintiff is the owner of all right, title, and interest in and to Plaintiff's STAY SALTY® mark by virtue of its extensive promotion, manufacture and sale of products bearing that mark (collectively, Plaintiff's "Common Law Trademark") as set forth in the preceding paragraphs of this Complaint.

    43.    The Infringing Products designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and sold by Defendant incorporate matter constituting replicas and imitations of Plaintiff's Common Law Trademark. Such unauthorized use by Defendant of Plaintiff's Common Law Trademark constitutes common law trademark infringement and unfair competition and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

    44.    Defendant's acts constitute unfair competition and an infringement of Plaintiff's California common law rights in the Common Law Trademark.

45. Upon information and belief, Defendant has willfully and intentionally misappropriated Plaintiff's Common Law Trademark with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to pass off its goods as those of Plaintiff and to place others in the position to pass off its goods as those of Plaintiff, and as such, Defendant has committed trademark infringement and unfair competition under the common law.

46. By such actions in infringing Plaintiff's Common Law Trademark, Defendant is improperly trading upon the reputation and goodwill of Plaintiff and impairing Plaintiff's valuable rights in and to its mark.

47. Plaintiff is informed and believes and thereupon alleges that Defendant committed the above alleged acts in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California.

48. Plaintiff has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in and to its trademarks, and to Plaintiff's business, reputation, and goodwill.

## COUNT IV

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

49. Plaintiff repeats and re-alleges paragraphs 1 through 48 above and incorporates them herein by reference.

50. The above-described wrongful conduct of Defendant constitutes unlawful, unfair and/or fraudulent business acts or practices under Cal. Bus. & Prof. Code § 17200 *et seq*.

51. Plaintiff is entitled to the restitution through the disgorgement of profits earned by Defendant as a direct and proximate result of Defendant's unlawful and/or unfair business acts or practices.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and grant the following relief:

A. Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

i. advertising, marketing, promoting, offering for sale, distributing, or selling the Infringing Products;

ii. using the Infringing Mark on or in connection with any of Defendant's goods;

iii. using STAY SALTY or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's STAY SALTY® mark on or in connection with Defendant's goods;

iv. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks, trade dresses, names, or logos;

v. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

vi. passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

        vii.    advertising, promoting, offering for sale, or selling the Infringing Products or other similar goods.

B. Defendant be ordered to cease offering for sale, marketing, promoting, and selling and to recall all Infringing Products, or any other goods bearing Plaintiff's STAY SALTY® mark or any other confusingly similar imitation of Plaintiff's STAY SALTY® mark that are in Defendant's possession or have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

C. Defendant be ordered to deliver up for impoundment and for destruction, all Infringing Products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, promotional materials, stationery, signage or other materials in the possession, custody or under the control of Defendant that are found to adopt or infringe Plaintiff's STAY SALTY® mark or that otherwise unfairly compete with Plaintiff and its products;

D. Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of the Infringing Products;

E. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

F. Based on Defendant's knowing and intentional use of Plaintiff's STAY SALTY® mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

G. Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

H. Based on Defendant's willful and deliberate infringement of Plaintiff's STAY SALTY® mark, and to deter such conduct in the future, Plaintiff be awarded

punitive damages;

    I.    Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

    J.    Plaintiff be granted such other and further relief as the Court may deem just.

DATED: June 26, 2024        Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY LLP**

By: */s/ Jason E. Murtagh*
Jason E. Murtagh
Natalie Peled
Benjamin Leace (*pro hac vice* forthcoming)
James T. Wilcox (*pro hac vice* forthcoming)

*Attorneys for Plaintiff*
Original Watermen, Inc.